```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
RIMU CAPITAL LTD.,                                               :
                                                                 :
                              Plaintiff,                         :
                                                                 :          23-cv-5065 (LJL)
              -v-                                                :
                                                                 :             ORDER
JASON ADER, SPRINGOWL ASSET MANAGEMENT                           :
LLC, SPRINGOWL ASSOCIATES LLC, ADER FUND                         :
MANAGEMENT LLC, and 26 CAPITAL HOLDINGS                          :
LLC,                                                             :
                                                                 :
                              Defendants.                        :
                                                                 :
-----------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 09/20/2023

LEWIS J. LIMAN, United States District Judge:

26 Capital Acquisition Corp. (the "SPAC") moves to intervene in this action under Federal Rule of Civil Procedure 24(a) and, with Defendants[1] (together the "Movants"), moves for a protective order against a subpoena served by Plaintiff on the Milbank LLP law firm (the "Subpoena") of documents introduced as trial exhibits (the "Joint Trial Exhibits") in an action in *26 Capital Acquisition Corp. et al. v. Tiger Resort Asia Ltd.*, C.A. No. 2023-0128-JTL, in the Delaware Chancery Court (the "Delaware Case") that contain information of SPAC.  Dkt. No. 39.  The Subpoena is limited to copies of the Joint Trial Exhibits in the Delaware Case.  Dkt. No. 32-2.[2]

Movants seek a protective order against the production by Milbank LLP of documents produced by Movants or which contain the information of Movants and which do not mention

---

[1] Defendants are Jason Ader, SpringOwl Asset Management LLC, SpringOwl Associates LLC, Ader Fund Management LLC, and 26 Capital Holdings LLC.
[2] For reasons stated on the record at the initial conference on September 12, 2023, the Court denied Defendants' motion for a stay of discovery.  Dkt. No. 34.

Plaintiff, its investment, or the transfer of any money invested by Plaintiff. Dkt. No. 39 at 1.

The motion to intervene for the limited purpose of seeking the protective order is not opposed and therefore is granted. *See In re Klein*, 2022 WL 1567584, at *3 (S.D.N.Y. May 18, 2022) (granting intervention to challenge production of documents in possession of third party). [3]

The motion for a protective order is denied. Movants base their motion on the notion that the Subpoena invades the privacy rights of Defendants, or a "limited privacy right." Dkt. No. 39 at 1. The information in the Joint Trial Exhibits, however, already is public. *See Gambale v. Deutsche Bank AG*, 377 F.3d 133, 144 n.11 (2d Cir. 2004) ("Once [information] is public, it necessarily remains public."); *cf. Cox Broad. Corp. v. Cohn*, 420 U.S. 469, 494–95 (1975) ("[T]he interests in privacy fade when the information involved already appears on the public record."). Before this litigation was launched, the parties to the Delaware Case agreed that the Joint Trial Exhibits would lose any confidential status they had. The Joint Trial Exhibits are filed with the Delaware Chancery Court. The Protective Order in the Delaware Case provides: "In the event that any Confidential or Highly Confidential Discovery Material is used in open court during any court proceeding or lodged as a trial exhibit, the material shall lose its confidential status and become part of the public record, unless the Producing Party applies for and obtains an order from this Court specifically maintaining the confidential status of particular material." Dkt. No. 41-1 at p. 21 ¶ 25. Movants do not argue that any party has moved for or obtained such an order. It appears that SPAC's litigation adversary, the merger counterparties, has the Joint Trial Exhibits and can do with them as it wishes. In addition, the Delaware Chancery Court's September 7, 2023, opinion cites extensively to the trial evidence and trial exhibits. Dkt. No. 32-1. A staff member of Plaintiff's firm was present in the courtroom when

---

[3] Plaintiff does not dispute that the interest in certain of the documents asserted by SPAC would not be adequately protected by the Defendants. *See* Fed. R. Civ. P. 24(a)(2).

the Joint Trial Exhibits were discussed and was able to view them on the screen.  Dkt. No. 41 at 2 n.3.  Finally, Movants have not articulated any specific harm they would suffer from disclosure of the documents to Plaintiff.  *See Sony Ericsson Mobile Commc'ns AB v. Delta Elecs. Pub. Co. Ltd. (Thailand)*, 2009 WL 959639, at *2 (S.D.N.Y. Apr. 8, 2009) (moving party's "statement that the documents at issue relate to the private and commercial interests of the parties involved and contain sensitive commercial information, is entirely unsubstantiated").

Finally, to the extent that Movants fear misuse of the documents at issue, they have not explained why such misuse could not be prevented by an appropriate protective order.

The motion to intervene is GRANTED.  The motion for a protective order is DENIED.  The Clerk of Court is respectfully directed to close Dkt. No. 39.

SO ORDERED.

Dated: September 20, 2023
       New York, New York                    _____
                                                     LEWIS J. LIMAN
                                             United States District Judge

3