UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RIMU CAPITAL LTD., *Plaintiff*, vs. JASON ADER, SPRINGOWL ASSET MANAGEMENT LLC, SPRINGOWL ASSOCIATES LLC, ADER FUND MANAGEMENT LLC, 26 CAPITAL HOLDINGS LLC, and SPRINGOWL SPECIAL OPPORTUNITIES FUND LP, *Defendants*. | No: 1:23-cv-05065 (LJL) |

# MEMORANDUM OF LAW
# IN SUPPORT OF MOTION TO AMEND

**LACHTMAN COHEN P.C.**

245 Main Street, Suite 230
White Plains, NY 10601
Tel: (914) 505-6654

*Attorneys for Plaintiff*

**Preliminary Statement**

Plaintiff Rimu Capital Ltd. ("Rimu" or "Plaintiff") respectfully submits this Memorandum of Law in support of its motion, pursuant to Rules 15(a), 15(d), and 21 of the Federal Rules of Civil Procedure, for an Order granting Plaintiff leave to file a Second Amended Complaint in the form attached as Exhibit A to the accompanying Declaration of Gregory A. Blue. A redline comparison showing changes from the First Amended Complaint is Exhibit B to that Declaration.

**Procedural History**

On June 15, 2023, Rimu filed the Complaint. [Dkt. 1]. On July 12, 2023, the Defendants appeared in this action, requested an extension of time to respond to the Complaint, and proposed an agreed-upon briefing schedule for their anticipated motion to dismiss. [Dkt. 26, 27, 28]. By Order dated July 13, 2023, the Court approved the request. [Dkt. 20, text only].

On August 25, 2023, Defendants filed a Motion to Dismiss [Dkt. 26, 27, 28] and a separate letter motion requesting a stay of discovery. [Dkt. 29]. Plaintiff filed a motion to extend the time to file an Amended Complaint. [Dkt. 32.] On September 12, 2023, the Court held an initial conference. For reasons stated on the record at the initial conference, the Court granted a stay only of deposition discovery of both parties and non-parties, but otherwise denied Defendants' motion for a stay. The Court denied Plaintiff's motion for an extension of time to file an Amended Complaint. [Dkt. No. 34.]

On September 21, 2023, Plaintiff timely filed a First Amended Complaint. [Dkt. 43.] Thereafter, counsel for the parties conferred concerning Defendants' contemplated motion to dismiss at which time we informed Defendants' counsel that Plaintiff intended to seek leave to file a Second Amended Complaint. To obviate the need for Defendants to file a motion with respect to a pleading that Plaintiff would seek to amend, counsel for the parties agreed to jointly request

1

that the Court extend the time for Defendants to file a motion to dismiss until after the deadline for Plaintiff to move to amend. [Dkt. 48.] The Court granted that request. [Dkt. 49.]

## Summary of the Proposed Amendments

The proposed Second Amended Complaint:

- includes additional factual allegations and claims based upon Plaintiff's review and analysis of documents that were made available pursuant to Plaintiff's subpoenas to non-parties, primarily the Joint Trial Exhibits that were the subject of this Court's September 20, 2023, Order denying Defendants' Motion for Protective Order [Dkt. 42] and documents produced in response to other subpoenas;

- adds additional details concerning the transfer of funds out of Defendant 26 Capital Holdings, LLC ("26 Holdings") and subsequent transfers of those funds;

- adds a defendant, 826 Capital Holdings LLC, which was the direct recipient of the $28 million transfer from 26 Holdings shortly after Plaintiff Rimu invested $25 million in 26 Holdings;

- supplements the First Amended Complaint by including allegations concerning the delisting of 26 Capital Acquisition Corp., which was announced in a press release issued September 21, 2023, shortly after Plaintiff filed its First Amended Complaint;

- eliminates the Eleventh Cause of Action, for breach of fiduciary duty against Ader as Manager of 26 Holdings;

- separates the Thirteenth Cause of Action, for fraudulent transfers, into separate claims, with additional detail, to more precisely plead the factual and legal basis for those claims;

- makes more detailed allegations with respect to certain claims, as well as clarifying and corrective changes.

## Argument

Rule 15(a) provides that leave to amend a pleading "shall be freely given when justice so requires." Rule 15(d) provides that "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." As this Court has explained,

"[t]he rule in this Circuit has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith." *SEC v. Rayat*, No. 21-cv-4777 (LJL), 2023 U.S. Dist. LEXIS 22583, at *183 (S.D.N.Y. Feb. 9, 2023) (quoting *Sherman v. Fivesky*, LLC, 2020 U.S. Dist. LEXIS 157998, 2020 WL 5105164, at *3 (S.D.N.Y. Aug. 31, 2020) (quoting *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993)).

Pursuant to Rule 21, the Court may allow the addition of a party "at any time, on just terms." Fed. R. Civ. P. 21. A motion to add a party is considered under "the same standard of liberality afforded to motions to amend pleadings under Rule 15." *SEC v. Rayat* at *184 (*quoting New York Wheel Owner LLC v. Mammoet Holding B.V.*, 481 F.Supp.3d 216, 249 (S.D.N.Y. 2020) (quoting *Bridgeport Music, Inc. v. Universal Music Grp., Inc.*, 248 F.R.D. 408, 412 (S.D.N.Y. 2008)).

While the court may deny a motion to amend on grounds of "undue delay, bad faith, dilatory tactics, undue prejudice to the party to be served with the proposed pleading, or futility." *Quaratino v. Tiffany & Co.*, 71 F.3d 58, 66 (2d Cir. 1995) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)), those factors are not present here.

The Motion is timely. Pursuant to the Case Management Plan and Scheduling Order, any motion to amend or to join additional parties shall be filed no later than October 12, 2023. [Dkt. 36]

Plaintiff has not been dilatory. To the contrary, Plaintiff opposed Defendants' motion to stay discovery and Defendants' motion for a protective order, which would have delayed or slowed the case. In addition, Plaintiff has diligently pursued discovery from non-parties to uncover facts that now form the basis of the proposed amendments.

With respect to the addition of a party, 826 Capital Holdings LLC, Plaintiff learned only after filing the First Amended Complaint that Hospitality Acquisition Corp. LLC changed its name

to 826 Capital Holdings LLC just days after receiving the $28 million transfer that is central to the issues in this case. [Exh. A ¶ 429.] 826 Capital Holdings LLC has the same office address as the other defendants in this case [*id.* ¶ 15], has a name that is only one additional digit different from 26 Capital Holdings LLC, received money from 26 Holdings that was recorded as a "distribution" to Defendant Jason Ader [*id.* ¶ 398], and transferred money to other defendants [*id.* ¶¶ 422, 426, 434, 437], all of which leads to the inevitable conclusion that it is under common control with the other defendants. The addition of 826 Capital Holdings LLC to the case therefore will merely add a related party with respect to "the same transaction, occurrence, or series of transactions or occurrences," Fed. R. Civ. P. 20(a)(1)(A), and "questions of law or fact common to all defendants." Fed. R. Civ. P. 20(a)(1)(B).

For these reasons, Plaintiff respectfully requests that the Court grant Plaintiff leave to file a Second Amended Complaint in the form provided as Exhibit A to the Declaration of Gregory A. Blue.

Dated: White Plains, New York
October 12, 2023

LACHTMAN COHEN P.C.

By: */s/ Gregory A. Blue*
Gregory A. Blue (GB-9569)
245 Main Street, Suite 230
White Plains, New York 10601
Tel. No.: (914) 505-6654
Email: gblue@lcpclaw.com
*Attorneys for Plaintiff*