# LACHTMANCOHEN P.C.

245 Main Street, Suite 230
White Plains, New York 10601
(914) 505-6654

www.lcpclaw.com

GREGORY A. BLUE
OF COUNSEL
Admitted in NY, NJ, CA
gblue@lcpclaw.com

November 20, 2023

> The parties are directed to inform the Court by Monday, November 27, 2023 whether they object to the Court staying this case with leave for any party to move for the Court to return the case to the docket upon resolution of the litigation filed by Rimu in Delaware.
>
> SO ORDERED.
> /s/ Lewis J. Liman
> LEWIS J. LIMAN
> United States District Judge
> November 20, 2023

**VIA ECF**
Hon. Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street, Room 1620
New York, New York 10007

Re:   *Rimu Capital Ltd v. Ader et al.* | Case No.: 1:23-cv-05065-LJL

Dear Judge Liman:

This firm represents Rimu Capital Ltd. ("Rimu"), the Plaintiff in this action. We write on behalf of all of the parties to jointly request that the Court extend the time for Defendants to file a Motion to Dismiss and to oppose Plaintiff's Motion to Amend. The reason for this request is that, as explained below, substantial issues in this action, and that may affect this action, will be resolved in a recently commenced litigation filed by Rimu in Delaware concerning Rimu's claim that Defendant Jason Ader has been removed as Manager of Defendant 26 Capital Holdings LLC ("26 Holdings").

This action involves claims by Rimu that it was fraudulently induced by Ader and Ader-affiliated entities (also defendants) to invest in and become a Member of 26 Holdings. Defendants deny the allegations and intend to file a Motion to Dismiss Plaintiff's First Amended Complaint. Plaintiff has also filed a Motion to Amend seeking leave to file a Second Amended Complaint, which Defendants intend to oppose. [Dkt. 52-54.] On or about October 27, 2023, the parties agreed to a briefing schedule with respect both motions but were unable (for personal reasons) to formalize that stipulation until November 10, and it was submitted to the Court that day. [Dkt. 58.] Your Honor signed the stipulation on November 13. [Dkt. 59.]

On October 29 (i.e. after the parties agreed to the briefing schedule in this action), Rimu and another member of 26 Holdings served a Notice of Removal that, Rimu contends, removed Ader as Manager of 26 Holdings effective as of that date. Ader disputes that the Notice of Removal was valid or effective. On November 1, Rimu filed in the Delaware Court of Chancery: (i) a Verified Complaint against Ader, as Defendant, and 26 Holdings, as Nominal Defendant, seeking a declaration that Ader has been removed as Manager of 26 Holdings and that Rimu has the right to appoint a successor Manager (the "Removal Claim"); (ii) a Motion to Expedite Proceedings; and (iii) a Motion for Status Quo Order seeking to restrain Ader from engaging in any material transactions on behalf of 26 Holdings pending a further order of the Court of Chancery.

**LACHTMAN COHEN** P.C.

Hon. Lewis J. Liman
November 20, 2023
Page 2 of 2

On November 13, Vice Chancellor Laster held a telephonic hearing on the Motion to Expedite Proceedings and Motion for a Status Quo Order. At the conclusion of that hearing, V.C. Laster granted the Motion for a Status Quo Order. (A copy of that Order is attached.) Ader did not oppose the Motion to Expedite. The Court granted that Motion and directed that a trial be held in approximately 90 days. On November 17, Ader's counsel stated their belief that the Removal Claim must be heard in New York due to a forum selection clause in Rimu's Subscription Agreement and their intention to raise that issue with V.C. Laster. As of the date of this letter, the Chancery Court has not addressed that issue.

The parties reasonably expect that the Removal Claim proceedings, whether in Delaware or New York, will significantly affect and/or narrow substantial legal and factual issues in this action. Moreover, Rimu contends that, until the Removal Claim is resolved 26 Holdings cannot take a litigation position in favor of, or adverse to, any of the two parties that claims to control the entity. In turn, Defendants contend that it would be most efficient for all claims to be litigated in one New York forum, but that the Removal Claim should be litigated first.

The parties therefore agree that it would be most efficient, and avoid the risk of inconsistent rulings, to defer Defendants' anticipated Motion to Dismiss and Plaintiff's Motion to Amend in this action until after a determination of Rimu's Removal Claim.

The parties respectfully request that Your Honor stay the time for Defendants to file a Motion to Dismiss and to oppose Plaintiff's Motion to Amend until two weeks after a determination of the Removal Claim.

    Respectfully submitted,

    LACHTMAN COHEN P.C.

    Gregory A. Blue (GB-9569)

cc:    All Counsel of Record (Via ECF)