Case 1:23-cv-05065-LJL   Document 65   Filed 11/27/23   Page 1 of 1



All proceedings in this action are hereby STAYED. Any party may move to lift the stay upon notice to all other parties. The motion for the Court to extend the time for Defendants to file a Motion to Dismiss and to oppose Plaintiff's Motion to Amend, Dkt. No. 61, is GRANTED.

SO ORDERED.

LEWIS J. LIMAN
United States District Judge

November 27, 2023

Ben Hutman, Esq.
Sadis & Goldberg LLP
551 Fifth Avenue, 21st Floor
New York, NY 10176
Phone: 212.573.6675
bhutman@sadis.com

November 27, 2023

**BY ECF**
The Honorable Lewis J. Liman
U.S. District Court, Southern District of New York
500 Pearl Street, Room 1620
New York, NY 10007

   Re: <u>Rimu Capital Ltd. v. Ader et al.</u>, No. 23-CV-05065 (LJL)

Dear Judge Liman:

  I write on behalf of Defendants in response to Your Honor's direction (Dkt. No. 62) that the parties inform the Court whether they object to the Court staying this case with leave for any party to move for the Court to return the case to the docket upon resolution of the litigation filed by Rimu in Delaware. Although Defendants agree that a stay of the litigation schedule is proper, there are two issues that are likely to be litigated before this Court imminently, which require an exception to a complete stay:

1. <u>Defendants' Imminent Motion for Indemnification of Attorneys' Fees in this Case</u>. Defendants, other than 26 Capital Holdings, LLC (the "Sponsor"), intend to move the Court for an order requiring Plaintiff to reimburse and advance the Ader and SpringOwl Defendants their attorneys' fees and costs pursuant to an Exculpation and Indemnification clause in the Investment Management Agreement relied upon by Plaintiff. These Defendants have already incurred substantial attorneys' fees prior to today's date, and this motion does not involve the Sponsor. Thus, the Court should have an exception to a stay for the sole purpose of litigating the indemnification/advancement issue.

2. <u>The Dispute Over Who Controls the Sponsor Could End Up Before This Court</u>. Because of a mandatory New York Forum Selection Clause, Defendant Mr. Ader contends that the dispute over control of the Sponsor in Delaware must be litigated in a New York federal or state court. This is the subject of motion practice in Delaware and will be fully briefed on December 13, 2023. If the Delaware Court grants the motion, the Sponsor control dispute could end up before this Court, to be litigated first, while the pending claims are stayed.

  Subject to this limited exception, Defendants do not object to the Court's proposed stay.

                  Respectfully submitted,

                  Ben Hutman

{00461806.DOCX; 1}