*Rimu Capital Ltd. v. Ader, et al.*, Case No.: 1:23-cv-05065-LJL

CASES CITED IN ADER DEFENDANTS' MEMORANDUM OF LAW
IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS
[ECF No. 230-5]

| Pg. | Case Name | Citation | Quotation | Status |
|---|---|---|---|---|
| 6 | *Barron v. Helbiz, Inc.* | 639 F. Supp. 3d 483, 15-16 (S.D.N.Y 2022) | Judge Rakoff dismissed fraud claims brought by sophisticated cryptocurrency investors based on non-reliance provisions, holding that the Plaintiffs "unreservedly agreed in the [agreement] that they had 'sufficient knowledge, sophistication, and experience in business'" and "expressly disclaimed all reliance." | • Unable to locate case at this citation.<br>• Pin cite does not make sense.<br>• Unable to locate a case entitled *Barron v. Helbiz, Inc.* reported in F.Supp.<br>• *Barron v. Helbiz, Inc.*, Case No. 1:20-cv-04703, appears never have been assigned to Judge Rakoff. |
| 6-7 | *Quail Cruises Ship Mgmt. Ltd. v. Agencia de Viagens CVC tur Limitada* | 2011 WL 5928295 (S.D.N.Y. Nov. 29, 2011). | "where a party specifically disclaims reliance upon a representation in a contract, that party cannot, in a subsequent action, claim that it was fraudulently induced to enter into the contract by the very representation it has disclaimed." | • Case does not exist at this citation.<br>• A case with this name was decided by the 11th Circuit, reported at 645 F.3d 1307 (11th Cir. 2011), but does not include the quotation. |
| 7 | *KKR Credit Advisors (US) LLC v. Nuss Glob, Sols., Inc.* | 637 F. Supp. 3d 453, 489-90 (S.D.N.Y. 2022) | Judge Oetken dismissed fraud claims in a failed investment context, holding that the plaintiff's "where a party specifically disclaims reliance upon a representation in a contract, that party cannot, in a subsequent action, claim that it was fraudulently induced to enter into the contract by the very representation it has disclaimed." | • Unable to locate case at this citation.<br>• Unable to locate a case involving KKR Credit Advisors (US) LLC and Judge Oetken.<br>• Unable to locate a case between these parties. |
| 7 | *Abry Partners V, L.P. v. F & W Acquisition LLC* | 891 A2d 1032, 1058-59 (Del. Ch. 2006) | | • Case exists. |

*Rimu Capital Ltd. v. Ader, et al.*, Case No.: 1:23-cv-05065-LJL

CASES CITED IN ADER DEFENDANTS' MEMORANDUM OF LAW
IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS
[ECF No. 230-5]

| Pg. | Case Name | Citation | Quotation | Status |
|---|---|---|---|---|
| 7 | *Billington v. Ginn-La Pine Island, Ltd., LLLP* | 192 So. 3d 77, 79-84 (Fla. Dist. Ct. App. 2016) | | • Case exists. |
| 7 | *In re Initial Pub. Offering Sec. Litig.* | 241 F. Supp. 2d 281, 327 (S.D.N.Y. 2003) | Rule 9(b) requires that fraud be pled with particularity, specifying "the who, what, where, when, and how" of the alleged fraud. | • Case exists, quotation accurate. |
| 8 | *Acito v. IMCERA Grp., Inc.* | 47 F. 3d 47, 53 (2d Cir. 1995) | The Second Circuit has consistently enforced this requirement, holding that "even where fraud is alleged, Rule 9(b) allows plaintiffs to make such allegations on information and belief concerning facts that are 'peculiarly within the opposing party's knowledge,' but this exception to Rule 9(b)'s general particularity requirement must not be mistaken for a 'license to base claims of fraud on speculation and conclusory allegations.'" | • The quoted language does not appear in the case.<br>• Only the language "license to base claims of fraud on speculation and conclusory allegations" appears in the case. 47 F.3d at 52. |
| 8 | *Mejia v. Jurich* | 781 So. 2d 1175, 1177 (Fla. 3d Dist. Ct. App. 2001) | "the defendant had no intent to perform the promise when the defendant made it." | • The quoted language does not appear in the case. |
| 8 | *Tung v. Dycom Indus., Inc.* | 454 F. Supp. 3d 1244, 1257 (S.D. Fla. 2020) | "inactionable because reasonable investors do not base their investing decisions on corporate puffery." | • The quoted language is partially inaccurate.<br>• Actual quote: "[r]easonable investors do not base their investing decisions on corporate puffery." (quoting *Mogensen v. Body Cent. Corp.*, 15 F.Supp.3d 1191, 1211 (M.D. Fla. 2014). |
| 9 | *Shields v. Citytrust Bancorp, Inc.* | 25 F. 3d 1124, 1130 (2d Cir. 1994) | "allegations that one or more of the defendants stood to benefit from wrongdoing" | • The quoted language does not appear in the case. |

2

*Rimu Capital Ltd. v. Ader, et al.*, Case No.: 1:23-cv-05065-LJL

CASES CITED IN ADER DEFENDANTS' MEMORANDUM OF LAW
IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS
[ECF No. 230-5]

| Pg. | Case Name | Citation | Quotation | Status |
|---|---|---|---|---|
| 9 | *Nguyen v. MaxPoint Interactive, Inc.* | 889 F.3d 61, 71 (2d Cir. 2018) | "the [fraud] inference is undermined." | • Unable to locate case at this citation.<br>• A case with this title was reported in the district court, in 2017, at 234 F.Supp. 3d 540 (S.D.N.Y 2017) but does not include the cited language.<br>• A case with this title was reported in the district court, in 2017, at 2017 WL 3084583 (S.D.N.Y May 12, 2017) but also does not include the cited language. |
| 9 | *In re Livent, Inc. Noteholders Sec. Litig.* | 151 F. Supp. 2d 371, 425 (S.D.N.Y. 2001) | Judge Cote held in *In re Livent, Inc. Noteholders Sec. Litig.*, 151 F. Supp. 2d 371, 425 (S.D.N.Y. 2001), "the alleged fraud must make economic sense" | • The quoted language does not appear in the case.<br>• The decision was by Judge Marrero, not Judge Cote. |
| 13 | *WalMart Stores, Inc. v. AIG Life Ins. Co.* | 872 A.2d 611, 624-25 (Del. Ch. 2005) | "quotidian commercial relationships" | • Correct. |

3