**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

RIMU CAPITAL LTD.,

     *Plaintiff,*

-  and  -

26 CAPITAL HOLDINGS LLC,

     *Nominal Plaintiff,*

-  against  -

JASON ADER, *et al.*,

     *Defendants.*

No: 1:23-cv-05065-LJL

**DISCOVERY PROTOCOL FOR PRODUCTION**
**AND REVIEW OF GLOBAL RELAY ESI**

The following protocol applies to the production and review of Defendants' electronically stored information in the possession of Global Relay:

1. ***Delivery.*** Defendants will instruct Global Relay in writing, with a copy to counsel for Rimu Capital Ltd. ("Rimu"), to deliver all data directly to Rimu's outside ESI vendor, which must agree in writing to abide by this protocol. Rimu's ESI vendor will take delivery of the Global Relay ESI without intermediate access or review by Rimu.

2. ***Privilege Identification.***

   a. "Defendant Addresses" means: (i) all emails with a "springowl.com" domain; and (ii) any email addresses and telephone numbers identified by Defendants, in accordance with this protocol, used by Defendants and their affiliates to communicate with their counsel and former counsel.

   b. "Counsel Addresses" means:

      i. benjesq@icloud.com, benjesq@aol.com, and emails with the domain "howardbenjamin.com" [current counsel in this action and other actions]

      ii. emails with the domain "liebatlaw.com" [defendants' former counsel in this action and other actions]

    iii.      emails with the domain "catafagofini.com" [defendants' former counsel in this action and other actions]

    iv.      emails with the domain "fourterealestate.com" [J. Ader's counsel in *Ader v. Ader*]

    v.      emails with the domain "burlaw.com" [J. Ader matrimonial counsel]

    vi.      emails with the domain "cardiedgarlaw.com" [J. Ader matrimonial counsel]

    vii.      emails with the domain "mdsulaw.com" [J. Ader's and 26 Capital Acquisition Corp.'s former counsel in Delaware actions]

    viii.      emails with the domain "nixonpeabody.com" [26 Capital Acquisition Corp.'s bankruptcy counsel]

    ix.      email addresses and telephone numbers identified by Defendants, within one week of approval of this protocol, used by Defendants' and their affiliates' current and former counsel to communicate with Defendants and their affiliates.

c.  "Sadis Addresses" means emails with the domain "sadis.com" [defendants' former counsel in this action and other actions, former corporate counsel to Nominal Plaintiff 26 Capital Acquisition Corp.]

d.  "Personal Addresses" means any email addresses and telephone numbers identified by Defendants in accordance with this protocol as recipients of sensitive private communications, including Jason Ader's spouse, children, any of his or their healthcare providers, and any other addresses and telephone numbers identified as having been used solely for sensitive private communications.

**3.** *Defendants' Identification of Addresses*

If Defendants wish to identify any email addresses or telephone numbers as Defendant Addresses, Counsel Addresses, or Personal Addresses, Defendants must provide those email addresses and telephone numbers to Rimu's counsel by email within one week of approval by the Court of this protocol.

**4.** *Tagging and Report.*

a.  Tag 1: Rimu's ESI vendor will separately tag (Tag 1) communications that were transmitted *solely* between Defendant Addresses and Counsel Addresses.

b.  Tag 2-A and 2-B: Rimu's ESI vendor will separately tag communications that were transmitted *solely* between Defendant Addresses and Sadis Addresses sent or received

before June 15, 2023, the date this action was commenced (Tag 2-A), and those sent or received after June 15, 2013 (Tag 2-B).

   c. Tag 3:

      i. Rimu's ESI vendor will separately tag (Tag 3) communications that: (i) were transmitted between (x) Defendant Addresses and (y) Counsel Addresses or Sadis Addresses; *and* (ii) included any other senders or recipients not identified as Defendants Addresses, Counsel Addresses, or Sadis Addresses.

      ii. For all Tag 3 communications, Rimu's ESI vendor will create a report including the date of the communication and the sender, recipient, cc, and bcc names and addresses.

      iii. The ESI vendor will provide the report to counsel for the parties for counsel to determine if the communications included senders or recipients outside the privilege. Counsel for the parties shall engage in good faith discussions in an attempt to agree upon which of those communications, if any, is privileged.

   d. Tag 4: Rimu's ESI vendor will separately tag (Tag 4) communications that were transmitted solely between Defendant Addresses and Personal Addresses.

5. ***Review.***

      i. Tag 1, Tag 2-B, Tag 3, and Tag 4 communications will not be made available to, or reviewed by, Rimu without either: (a) Defendants' consent; or (b) order of the Court. All parties reserve all rights with respect to privilege and relevance concerning such documents and reserve all rights to seek a court order concerning review or use of such documents.

      ii. Tag 2-A and untagged Global Relay data will be made available for Rimu's review.

6. ***Clawback.***

   a. If Rimu's counsel reviews a document that appears to be, or may be, privileged, Rimu's counsel will: (a) immediately stop reviewing the document(s); (b) identify the document(s) to Defendants' counsel; and (c) if Defendants' counsel claims privilege over the document, destroy all copies, and have the document(s) appropriately tagged and removed from the review set.

   b. If Defendants' counsel identifies privileged documents, or sensitive personal documents, in the review set provided to Rimu, Defendants' counsel will immediately notify Rimu's counsel, who will (a) immediately stop reviewing the document(s); (b) destroy all copies, and have the document(s) appropriately tagged and removed from the review set.

c.   All parties reserve all rights with respect to privilege and relevance concerning such documents and reserve all rights to seek a court order concerning review or use of such documents.

Disputes arising under this protocol, including assertions of privilege, will be resolved in accordance with the Court's Individual Rules of Practice for discovery disputes.

Dated:  April 6, 2026

SO ORDERED:

_____
LEWIS J. LIMAN, U.S.D.J